FILED'06 SEP 18 09:23USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DOROTHY BEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-32-PK |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| McMENAMINS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Beth Ann Creighton
Thomas M. Steenson
STEENSON SCHUMANN TEWKSBURY CREIGHTON & ROSE, PC
815 S.W. Second Avenue, Suite 500
Portland, OR 97204-3005

  Attorneys for Plaintiff

Karen L. O'Connor
Robert L. Carey
Jeffrey D. Jones
BARRAN LIEBMAN LLP
601 S.W. Second Avenue, Suite 2300
Portland, OR 97204

  Attorneys for Defendant

JONES, Judge:

Magistrate Judge Papak filed Findings and Recommendation on June 23, 2006, in the above entitled case (# 65). The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a <u>de novo</u> determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); <u>McDonnell Douglas Corp. v. Commodore Business Machines, Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert</u>. <u>denied</u>, 455 U.S. 920 (1982).

Both plaintiff and defendant have timely filed objections (## 70, 71). I have, therefore, given <u>de novo</u> review of Magistrate Judge Papak's rulings. I conclude that plaintiff's objections are well-taken and, therefore, do not adopt Magistrate Judge Papak's decision.

My <u>de novo</u> review of the record on summary judgment convinces me that genuine issues of material fact remain concerning whether defendant subjected plaintiff to retaliation and termination in response to her complaints of race discrimination. Specifically, the trier of fact could conclude that a racially-charged atmosphere existed in plaintiff's workplace and that her frustration with the situation led to her outburst on October 11, 2004. The trier of fact could further conclude that plaintiff's immediate termination for "insubordination" was in fact illegal retaliation under Title VII and Oregon state law. Consequently, I conclude that I cannot adopt Magistrate Papak's recommendation to grant summary judgment on plaintiff's retaliation claims and therefore reject it. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Because I reject the recommendation to grant summary judgment, I also reject Magistrate Judge Papak's recommendation to decline jurisdiction over and dismiss plaintiff's supplemental

state common law wrongful termination claim.[1] This matter is thus recommitted in its entirety to Magistrate Judge Papak for further proceedings.

IT IS SO ORDERED.

DATED this 15th day of September, 2006.

ROBERT E. JONES
United States District Judge

---

[1] I note that because this action originated in federal court, the state common law claim could not be remanded to state court, as recommended. See Findings and Recommendation, p. 17.

3 - ORDER